IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 1776** | : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **ACME MARKETS, INC.** | : : | **NO. 08-2720** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                           **June 25, 2009**

In this action brought under the Federal Arbitration Act ("FAA") to enforce an arbitration award, the dispute is over the interpretation of an arbitrator's award construing a provision of a collective bargaining agreement. The parties disagree as to which employees are entitled to receive an award of back pay. Plaintiff United Food and Commercial Workers Union, Local 1776 ("Union") contends that all current and former employees who were affected by the defendant Acme Markets, Inc.'s ("Acme") breach of the collective bargaining agreement ("CBA") are covered by the award. Acme argues that only those employees who were on the payroll at the time of payment of the back pay are contemplated by the award.

In their cross motions for summary judgment, the parties attribute different meanings to the words "any employee" in the award. Because resolving the ambiguity arising from the arbitration award is better resolved by the arbitrator who knew whom he meant to include in the ambit of his award, the matter will be remanded to him to clarify the meaning of his award. Therefore, the motions for summary judgment will be denied.

### Background

In April and May, 2004, the Union filed a series of individual grievances on behalf

of employees at different Acme stores, claiming that Acme violated Article 15.3.C of the CBA. On July 13, 2004, the Union filed a class action grievance on behalf of all union members who were allegedly not being paid in compliance with the CBA. At the same time, it filed a demand for arbitration with the American Arbitration Association.

Unable to reach an agreement, the parties proceeded to arbitration. Arbitrator Ernest Weiss issued his Award on July 31, 2007. The Award stated:

> "[Acme] violated Article 15 of the Collective Bargaining Agreement by failing to properly advance employees in the Clerk classification to the top of the Clerk's progression.
>
> [Acme] is hereby directed to reimburse any employee hired after January 23, 2000, who was not properly advanced to the top of the Clerk's classification upon reaching forty-eight (48) months of employment with the Company."

Acme only paid those employees who were both qualified for the additional pay and were on its payroll as of June 17, 2007. It did not pay those who were no longer employed on that date but were otherwise qualified for the back pay.

The Union filed this action to enforce the Award, contending that Acme did not reimburse individuals who were no longer employed, but were affected by the Award. Acme, on the other hand, argues that it paid all employees who are entitled to payment under the Award. Both parties have moved for summary judgment.

## Discussion

As a general rule, an arbitrator cannot reconsider the merits of a final award. *Office & Professional Employees Int'l Union, Local 471 v. Brownsville Gen'l Hospital,* 186 F.3d 326, 331 (3d Cir. 1999). However, there are three exceptions to the rule: (1) a mistake appears on the face of the award; (2) the arbitrator failed to adjudicate an issue submitted;

or (3) the award contains an ambiguity "which the arbitrator is entitled to clarify."  *Id.* (quoting *Colonial Penn Ins. v. Omaha Indemnity Co.*, 943 F.2d 327, 332 (3d Cir. 1991)). In those instances, by revisiting the award, the arbitrator is not redetermining the merits of his decision, but is correcting an error, completing his task or clarifying it.

In *Brownsville*, as is the case here, the parties disputed the meaning of the arbitrator's award.  In affirming the district court's remanding the case to the arbitrator for clarification, the Third Circuit reasoned that remand was consistent with the policy of judicial restraint in federal arbitral jurisprudence. *Id*. at 332.  It concluded that remand does not violate the rule barring an arbitrator from revisiting the merits of an award where it is to clarify an ambiguity.  *Id.* at 333.  It emphasized that in federal labor arbitration, it is particularly appropriate that the arbitrator, rather than a court, determine the award's meaning. *Id.* at 334.  Having the arbitrator make the determination gives "the parties the award for which they bargained." *Id.* at 332 (quoting *Colonial Penn*, 943 F.2d at 334).

In this case, the Union contends that because both parties knew the Union was seeking a class-wide remedy for all current and former employees affected by Acme's violation of Article 15.3.C, all such affected persons are included in the award to "any employee." Acme, on the other hand, argues that the provision applies only to the affected persons who were on its payroll at the time it made the reimbursement payments.

Each party attributes its own interpretation of the term "employee."  Each cites numerous federal labor law cases in support of its respective position.  These cases interpret the definition of "employee" in federal statutes.  What matters here is not the meaning of "employee" in any particular statute, but what Arbitrator Weiss meant in his award providing a remedy to "any employee."  The arbitrator did not define the scope of

"employee" in his award. It is not for a court to divine his intent. Thus, remand to the arbitrator for clarification is appropriate.

## Conclusion

Resolving this dispute requires an interpretation of an ambiguity in the arbitrator's award. Because that interpretation is better left to the arbitrator who the parties had agreed would decide the issue, this matter will be remanded to the arbitrator solely for the purpose of clarifying the scope of his award.